## GOODYEAR TIRE & RUBBER CO. et al. v. GENTSCH.

Civ. No. 21844.

District Court, N. D. Ohio, E. D.

Oct. 11, 1944.

David A. Gaskill and Thomas E. Lipscomb (of Thompson, Hine & Flory), both of Cleveland, Ohio, for plaintiffs.

Don C. Miller, U. S. Atty., and Francis B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

JONES, District Judge.

It seems to be agreed that there is no factual difference involved in this case. The pleadings and the briefs recite the facts upon which motion for summary judgment is based. The plaintiff was disallowed the right to set off foreign taxes paid against its tax liability for the year 1932, as determined by the Commissioner. The original return filed by the taxpayer showed a very substantial net loss for the year 1932. In that return the foreign taxes had been deducted as expense. When the Bueau of Internal Revenue agents audited the return, certain losses claimed were disallowed and a substantial tax liability was indicated. While still in time, the taxpayer filed an amended return signifying a desire to use the foreign tax item, previously deducted, as a credit against the tax liability as determined.

The sole question is whether the desire thus signified in the amended return came too late or whether the benefit of the credit given by Section 131 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 530, was not then available to the plaintiff.

No fruitful opportunity of exercising the option or claiming the benefit granted by Section 131 arose until there was a tax liability indicated by the Bureau of Internal Revenue against which a credit for the foreign taxes could be claimed. On the basis of the loss reported in the original return, there would appear to have been no appreciable tax advantage either in claiming the credit or in deducting the foreign tax in computing net income, unless as to the latter it was, as the defendant asserts in his brief, to swell the amount of carry-over loss. But there are no circumstances asserted or urged, except by brief, that make any issue on the reason for deducting the foreign taxes in the original return, and if the Bureau had found no tax liability for 1932 there would have been nothing wrong with the deduction of the foreign taxes effecting a larger potential carry-over loss.

I think it fair to conclude that the benefit granted by Section 131 was intended to be available to the taxpayer when there first arose an opportunity of realizing an advantage from the benefit. There would have been no point in claiming a credit for foreign taxes paid if there were no tax liability. It does not seem reasonable to hold that the Congress intended to deny the benefit of the credit against tax liability for the year in question, where the first opportunity for signifying the desire arose after the filing of the original return. I do not think the section should be so narrowly construed as to require the taxpayer to signify his desire in his original return or lose the benefit where no tax liability is then indicated; but if the taxpayer signifies his desire in an amended return, which he has the right to file, I see no reason why he should not be permitted to have the benefit of the credit, considering that the pur-

pose of Section 131 is to avoid double taxation. As it seems to me, the taxpayer ought not to be put to the exercise of an option, or an alternative, at his peril, when there is no benefit to be realized from the exercise of the option.

Motion for summary judgment accordingly will be granted.